**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRITTANY ANN INGRASSI,

              Petitioner - Appellant,

v.

JENNIFER CORE, WARDEN; STATE OF CALIFORNIA,

              Respondents - Appellees.

No. 23-4305

D.C. No.
2:22-cv-05988-SPG-PVC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Argued and Submitted January 15, 2025
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District
     Judge.[**]

    Brittany Ann Ingrassi appeals the district court's denial of her habeas

petition under 28 U.S.C. § 2254. We affirm.

    "Because [Ingrassi's] federal petition was filed after April 24, 1996, the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Antiterrorism and Effective Death Penalty Act (AEDPA) governs our review."

*See Ochoa v. Davis*, 50 F.4th 865, 876 (9th Cir. 2022) (citation and internal

quotation marks omitted). Under AEDPA, habeas relief is unavailable unless the

state court's decision was (1) "contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the

United States;" or (2) "based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),

(2).

    **1.** Ingrassi principally argues that her trial counsel was constitutionally

ineffective by failing to competently challenge the prosecution's evidence of her

intoxication.[1] We disagree. The California Supreme Court's denial of her habeas

---

[1] Ingrassi alleges multiple other instances of deficient performance by her trial counsel, including failure to object to the testimony of prosecution witnesses who opined that the dog could not have caused the child's injuries; introduction of evidence that Ingrassi consumed a supplement that contained 12% alcohol; failure to disclose x-rays of the child's skull to the defense pathologist before trial; failure to show a photograph of Ingrassi's hand with puncture wounds to the dog expert witness; and failure to object to: web search evidence, use of Ingrassi's fiancé's conviction, Ingrassi's pre-*Miranda* statements to police, references to the neuropathologist's report during the pathologist's testimony, and the jury instruction for voluntary manslaughter. These arguments are conclusory and thus fail to establish deficient performance by trial counsel. *See Clark v. Broomfield*, 83 F.4th 1141, 1148 (9th Cir. 2023) (stating that "conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief") (citations and alteration omitted). Additionally, "[c]ounsel's failure to make a futile motion does not constitute ineffective assistance of counsel." *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) (citations omitted); *see also Catlin v. Broomfield*, 124 F.4th 702, 728 (9th Cir. 2024) (noting that "[w]e owe a great deal of deference

petition on this claim was not contrary to, or an unreasonable application of, *Strickland*, 466 U.S. at 694.  Specifically, Ingrassi failed to establish prejudice— "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.*

Ingrassi argues that counsel should have moved to suppress the blood alcohol content (BAC) evidence because law enforcement withdrew blood without a warrant or her consent.  Additionally, she contends that counsel should have objected to the prosecution's questioning of a criminalist about the estimated BAC of a female that was approximately Ingrassi's size at various hours before the blood draw, should have cross-examined the criminalist regarding the BAC testing method and possible fermentation of the blood sample, should have consulted an alcohol expert witness, and should have moved to suppress text messages between Ingrassi and her fiancé discussing Ingrassi's drinking habits.

Ingrassi asserts that had counsel successfully challenged the intoxication evidence, the prosecution would have been unable to supply a motive for hurting the child.  But, even without the intoxication evidence, the prosecution introduced overwhelming evidence that Ingrassi, and not the family dog, was responsible for

---

to the informed strategies of counsel, including on the scope of cross-examination") (citations omitted).  In any event, in view of the overwhelming evidence of guilt, Ingrassi failed to demonstrate "a reasonable probability that . . . the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

the child's injuries and subsequent death.  *See Allen v. Woodford*, 395 F.3d 979, 999 (9th Cir. 2005), *as amended* (concluding that "even if counsel's conduct was arguably deficient, in light of the overwhelming evidence of guilt, [petitioner] cannot establish prejudice").

**2.**  Ingrassi contends that counsel's decision to proceed with the sentencing hearing rather than filing a motion for a new trial violated her Sixth Amendment right to autonomy.  However, the California Supreme Court could have reasonably concluded that counsel's decision was a "[t]rial management" decision within the "lawyer's province."  *McCoy v. Louisiana*, 584 U.S. 414, 422 (2018).

**3.**  Ingrassi maintains that her Sixth Amendment right to conflict-free counsel was violated when her trial counsel failed to file a motion for new trial at her sentencing hearing.  The trial court declined to relieve Ingrassi's trial counsel given that all parties were prepared to proceed with sentencing, and no motion for a continuance had been filed.  The California Supreme Court could have reasonably concluded that no actual conflict of interest adversely affecting trial counsel's performance existed in these circumstances, as Ingrassi's trial counsel appeared for sentencing ready to proceed and had filed a timely sentencing memorandum.  *See Mickens v. Taylor*, 535 U.S. 162, 171, 172 n.5 (2002).

**AFFIRMED.**